**Michael BOOS, et al., Plaintiffs,**

v.

**Marion S. BARRY, et al., Defendants.**

**Civ. A. No. 84–0899–OG.**

United States District Court, District of Columbia.

Jan. 9, 1989.

---

Raymond D. Battocchi, Washington, D.C., for plaintiffs.

Mable Chu, Asst. Corp. Counsel, D.C., Washington, D.C., for defendants.

## MEMORANDUM

GASCH, District Judge.

■ In this action plaintiffs successfully challenged the constitutionality of a portion of D.C.Code § 22–1115. Before the Court is plaintiffs' motion for an interim award of attorney's fees and costs.[1] Plaintiffs have not requested a hearing and this matter was decided on the briefs submitted by the parties. Because the request for fees is reasonable and well-documented, the Court grants the motion.

### Background

Plaintiffs brought this action under 42 U.S.C. § 1983 challenging the constitutionality of D.C.Code § 22–1115. This Court entered summary judgment for the defendants in May, 1984. In 1986 a divided court of appeals affirmed. *Finzer v. Barry*, 798 F.2d 1450 (D.C.Cir.1986). In May, 1988, the Supreme Court held that the first clause of section 22–1115 was unconstitutional but upheld the constitutionality of the second clause. *Boos v. Barry*, —— U.S. ——, 108 S.Ct. 1157, 99 L.Ed.2d 333 (1988). This Court was directed to consider plaintiffs' claims for attorneys' fees and costs.

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, provides that in civil rights actions courts "may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." The Act was intended to ensure "effective access to the judicial process" for persons with civil rights claims. H.R.Rep. No. 1558, 94th Cong., p. 11 (1976) *quoted in Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983). Consequently, "a prevailing

---

**1.** An interim award (rather than a final award) is proper if some amount is clearly due plaintiff's attorneys but there is a dispute as to the ultimate amount of the award because, for ex-ample, plaintiff prevailed on some but not all of his claims. *See Hanrahan v. Hampton*, 446 U.S. 754, 758, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980).

plaintiff 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.' ". *Hensley*, 461 U.S. at 429, 103 S.Ct. at 1937 (quoting S.Rep. No. 94–1011, p. 4 (1976), U.S.Code Cong. & Admin.News 1976, pp. 5908, 5912). Of course, the amount of the award varies due to the unique circumstances of each case. *See id.* at 429–30, 103 S.Ct. at 1937–38. But an appropriate benchmark is a fee which is "adequate to attract competent counsel, but which [does] not produce [a] windfall[ ]." *Id.* at 430 n. 4, 103 S.Ct. at 1938 n. 4. Counsel for the prevailing party should be paid " 'for all time reasonably expended on a matter.' " *Id.* (quoting S.Rep. No. 94–1011, p. 6 (1976), U.S.Code Cong. & Admin.News 1976, p. 5913).

The D.C. Circuit has addressed the proper degree of discretion for lower courts to exercise when applying section 1988:

> It is well recognized that the attorney fees provisions are to be liberally applied because the private plaintiff is the chosen instrument of Congress to vindicate a policy that Congress considered to be of the highest priority. District Courts, therefore, have only narrow discretion to deny fee awards....

*Miller v. Staats*, 706 F.2d 336, 340 (D.C. Cir.1983) (quotations omitted). It is equally clear that fee applications should not evolve into exhausting and litigious battles. *National Ass'n of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1324 (D.C.Cir.1982).

In plaintiffs' motion for an interim award of attorneys' fees, plaintiffs sought fees and costs in the amount of $86,303.11. Plaintiffs declared that the parties had agreed that at least that amount was owed if 42 U.S.C. §§ 1983 and 1988 apply to the District of Columbia. The balance of the motion was devoted to proving that those sections do apply. Defendants' opposition

raised three grounds for opposing the award. Replying to the objections made, plaintiffs submitted extensive documentation and revised their request for an interim award to $124,569.70. The defendants' three objections and the plaintiffs' responses are evaluated in turn.

### I. Unjust Circumstances

 Defendants contend that there are "special circumstances" justifying the suspension of section 1988 because an award would be "unjust." *See Newman v. Piggie Park Enter.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968) (per curiam); *Miller v. Staats*, 706 F.2d at 340–43; *Commissioners Court of Medina County, Texas v. United States*, 683 F.2d 435, 440–41 (D.C.Cir.1982). Defendants argue that D.C.Code § 22–1115 protects a federal interest, not a local District of Columbia interest, and therefore it would be unfair for the District to be liable for the plaintiffs' costs of overturning the statute.[2] Plaintiffs object to this analysis on three grounds. First, plaintiffs point to an agreement between the parties, referred to by the District itself in its Motion to Extend Time to Respond to Plaintiffs' Motion for an Interim Award. The District explained in that motion that an extension of time was warranted because the parties had reached agreement on most areas of dispute and were continuing to negotiate. Thus, defendants averred, "the Court will be requested to settle the dispute over fees with only a few issues left for the Court to address." Defendants' Motion To Extend Time to Respond to Plaintiffs' Motion for Interim Award of Attorneys' Fees and Costs at 2. The two issues that would be left for the Court were (1) the allocation of costs between the claim on which plaintiffs prevailed and the claim for which they did not and (2) whether the number of hours asserted was reasonable. The motion for

---

2. Defendants concede that the District, not the federal government, is liable for § 1983 violations committed by the District. *See* H.R.Rep. No. 96–548 (October 24, 1979) *reprinted in* 1979 Code Congressional and Admin.News 2609, 2610–11. But defendants appear to contend that the District is not liable for violations committed by the District where district officials are acting under a statute that furthers a federal interest exclusively. No authority is cited for this proposition and the Court holds that defendants are liable for attorneys fees unless the award of fees would be unjust.

extension specifically stated that the issue of liability was settled:

> Areas of agreement which the parties have now reached include the following: (1) that *plaintiffs, in part, are a prevailing party entitled to some fees;* (2) that plaintiffs' hourly rate, while not adequately supported ... appears to be consistent with the prevailing market rate in this jurisdiction; (3) that *the District of Columbia has been held liable for attorney's fees under 42 U.S.C. § 1988 in other cases....*

*Id.* at 1–2 (emphasis added). Thus, plaintiffs claim, defendants are estopped from contending that they are not liable since they earlier represented to the Court that they were liable.

Plaintiffs' second basis for objecting to defendants' "unjust circumstances" argument is that it is not founded on fact. Plaintiffs contend that local interests, not just federal interests, were protected by the statute. The District has an interest in general law enforcement and maintaining order, an interest intended to be furthered by the statute. Moreover, the defendants' contention that only federal interests are affected by this suit ignores the fact that many protesters directly affected by the statute are residents of the District of Columbia. Those residents benefitted from the plaintiffs' suit.

Plaintiffs also contend that this "special circumstances" argument is unsupported by the case law. Defendants rely on *Newman v. Piggie Park*, where the Supreme Court commented that "one who succeeds in obtaining an injunction under [Title II] should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." 390 U.S. at 402, 88 S.Ct. at 966. The Court did not elaborate on what special circumstances might make an award unjust.[3] The Supreme Court has since repeated this maxim, but this Court is unaware of any case in which the Supreme

Court found unjust circumstances to be present or explained what criteria should be used to evaluate such a claim. *See New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 68, 100 S.Ct. 2024, 2033, 64 L.Ed.2d 723 (1980); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416–17, 98 S.Ct. 694, 697–98, 54 L.Ed.2d 648 (1978). In its recital of the unjust circumstances exception, the Court has stressed that any exception is quite limited: "the court's discretion to deny a fee award to a prevailing plaintiff is narrow. Absent 'special circumstances' fees should be awarded." *New York Gaslight Club*, 447 U.S. at 68, 100 S.Ct. at 2033 (citing *Piggie Park* and *Christiansburg Garment Co.*).

The D.C. Circuit has given some meaning to the unjust circumstances exception. Cases in this circuit illustrate that whether it is just for the defendant to pay turns not on the defendant's ability to pay or on whether the defendant engaged in conduct deserving of penalty, but on the degree of participation by the plaintiff in the action and the relief that was secured. The seminal case in this circuit is *Commissioners Court of Medina County, Texas v. United States*, 683 F.2d 435 (D.C.Cir.1982). The district court denied an award of fees to an intervenor in a declaratory judgment action dismissed as moot due to the remedial actions of the defendant after the suit was brought. The court of appeals remanded, instructing the district court to reconsider whether the intervenor was a "prevailing party" and thus entitled to attorneys' fees. The court of appeals set out four factors for the district court to apply when considering whether the requested fee award would be unjust under the circumstances: (1) whether, by prevailing, plaintiff achieved a " 'victory' in the sense of vindicating the rights of the fee claimants"; (2) whether there was a divergence between the intervenor's interests and the other parties' interests; (3) whether the intervenors'

---

**3.** The holding and tenor of *Piggie Park* suggest that the Court did not intend to carve out an exception to the rule that plaintiffs who prevail in civil rights actions are entitled to fees. The Court reversed the district court's ruling that attorney's fees were proper only where the defendant acted in bad faith, holding that fees were proper regardless of the defendant's intent. The Court emphasized the importance of the attorney's fees provision in the civil rights statutory scheme. *See* 390 U.S. at 402, 88 S.Ct. at 966.

interest "was necessary to protect their interests and furthered the public policy embodied in the [substantive statute]"; and (4) whether the intervenor's efforts merely duplicated those of the parties. *Id.* at 443. In sum, when considering whether it would be just for the prevailing party to be awarded fees, courts are to look to the interests at stake and the extent to which they are vindicated. This emphasis was affirmed in *Miller v. Staats,* where the court, after reviewing *Piggie Park* and *Commissioners of Medina County,* declared "the determinative factor must be the role of plaintiffs' lawsuit, not the role of the defendant." 706 F.2d at 343.

These cases demonstrate that the District of Columbia's contention that it is not liable for attorneys' fees since it does not benefit from the statute is without merit. In fact, the above-cited cases, relied on by the defendants, illustrate that the award of attorneys' fees is "not designed merely to penalize defendants, but to encourage injured individuals to seek relief." *Id.* (citing *Piggie Park,* 390 U.S. at 402, 88 S.Ct. at 966). Thus, the question of fairness centers not on the defendant, but on the plaintiff. In the instant case the plaintiffs had no intervenors with similar interests and their interests were soundly vindicated as a portion of the statute was found unconstitutional. Moreover, if the District of Columbia were absolved of its obligation to pay the award, plaintiffs or their counsel would have to absorb the costs, which would be unjust to them and would deter future suits. *See Piggie Park,* 390 U.S. at 402, 88 S.Ct. at 966. Such a result would fly in the face of the premium that the Civil Rights Act places on litigants as private attorneys general vindicating individual rights. *See Christiansburg Garment Co. v. EEOC,* 434 U.S. at 420, 98 S.Ct. at 699; *Miller v. Staats,* 706 F.2d at 340.

## II. *Allocation of Costs*

Defendants object to plaintiffs' initial fee request because it did not distinguish between time spent on the issue on which the plaintiffs ultimately prevailed and time spent on issues on which they did not prevail. Plaintiffs reply that no allocation was made because the parties had reached an agreement that plaintiffs were due one-half of the time claimed at the Supreme Court level. In any event, plaintiffs, in their reply, have since provided a calculation allocating their costs in the requested manner.

It is settled that a failure to obtain complete relief justifies a reduction in the attorney's fee award. In *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed. 2d 40 (1983), plaintiffs challenged six areas of treatment at a state hospital. The district court found constitutional violations in five of the six areas. The district court refused to reduce the fee award by the amount spent on the unsuccessful claim. The district court reasoned that a strict mathematical calculation comparing the total number of issues to the number actually won was unsatisfactory because "[u]nder this method no consideration is given for the relative importance of various issues, the interrelation of the issues, the difficulty in identifying issues, or the extent to which a party may prevail on various issues." *Id.* at 428, 103 S.Ct. at 1936 (citations omitted). The Supreme Court remanded for the district court to consider the likeness of the successful and unsuccessful claims as well as the relationship between the degree of success and the amount of the fee award.[4]

The Supreme Court indicated that if the plaintiff prevails but does not succeed on all of his claims, the reviewing court should address two questions when determining the amount of the fee to be awarded.

First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?

---

**4.** Although the Court remanded, it "agree[ed] with the District Court's rejection of 'a mathematical approach'" because "[s]uch a ratio provides little aid in determining what is a reasonable fee in light of all the relevant factors." 461 U.S. at 435–36 n. 11, 103 S.Ct. at 1940–41 n. 11.

*Id.* at 434, 103 S.Ct. at 1939. Thus far the parties have not briefed the above issues. Plaintiffs indicates that their final request for fees will address these issues. Plaintiffs' motion for an interim award seeks only those fees expended on the claims on which plaintiffs did prevail. Because plaintiffs allocate the fees between issues on which they prevailed and claims that were unsuccessful, defendants' objection is made moot. Mr. Raymond Battocchi, counsel for plaintiffs, explained in his affidavit that approximately 85 percent of the time spent at the Supreme Court level was spent on the first clause of the statute. He reached this figure by reviewing his time sheets and by considering what portion of the argument presented to the Supreme Court addressed the first clause of the statute. Only seven percent of the petition for certiorari involved the second clause; only 15 percent of the brief filed with the Court addressed the second clause; only nine percent of the oral argument was devoted to the second clause. Thus, plaintiffs' allocation of costs appears reasonable.

## III. *Adequacy of Documentation*

■ In their opposition defendants objected to plaintiffs' failure to properly document the basis for the award of fees. In their reply plaintiffs appended the documentation that had already been provided to defendants and had been the basis for settlement negotiations. Plaintiffs' reply documents the expenditure of $92,933.15 for work done at the Supreme Court level on the first clause of the statute (on which they prevailed). Plaintiffs also document $9,790.20 for work done at the district court level and $21,846.35 for work done at the court of appeals. The sum of these figures is $124,569.70. Defendants have not contested the amounts documented by plaintiffs except to assert that the time claimed for Supreme Court work is "grossly excessive." Defendants concede that the hourly rates charged are within prevailing market rates.

The Court has reviewed the documentation submitted by plaintiffs, particularly the time sheets of Mr. Battochi for work done before the Supreme Court (including filing the petition for certiorari, filing the brief, and preparing for oral argument). Mr. Battocchi spent 542 hours on Supreme Court work. The Court finds this to be reasonable. Plaintiffs challenged a long-standing District of Columbia statute. This Court and the Court of Appeals rejected plaintiffs' arguments. The First Amendment issues raised by plaintiffs were complex in nature. The majority opinion of the Court of Appeals panel was 25 pages long; the dissent was 23 pages. Indeed, a 24-page law review article was written about this case even before it reached the Supreme Court. *See* Maurer, *Regulating Embassy Picketing in the Public Forum*, 55 Geo.Wash.L.Rev. 908 (1987) (Note). Yet all eight members of the Supreme Court taking part in the decision found the first clause of the statute unconstitutional. To obtain such a result where novel and difficult legal issues are presented supports the reasonableness of the time spent by Mr. Battocchi, an experienced attorney. Consequently, plaintiffs' interim request for fees is granted.

## ORDER

Upon consideration of plaintiffs' motion for interim award of attorneys' fees and costs, defendants' opposition thereto, and for the reasons stated in the accompanying memorandum, it is by the Court this 9th day of January, 1988,

ORDERED that plaintiffs' motion for interim award of attorneys' fees and costs is granted; and it is further,

ORDERED that the defendants shall pay to the plaintiffs $124,569.70 for attorneys' fees and costs incurred in this action.